# MEMORANDA

# CASES NOT REPORTED IN FULL.

41 268
74 341
41h 268
63ad398

## JAY A. LOOMIS, Respondent, *v.* WILLIAM RENDER, Appellant.

*Action for false imprisonment — when it will lie against a person preparing and procuring a warrant to be issued, and giving directions for its service with a bad intent.*

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Lewis Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was for false imprisonment, and the answer a general denial. The criminal complaint on which the warrant of arrest was issued was drawn up by defendant, signed and sworn to by one Crandall of the firm of Crandall & Weed, and alleged upon information and belief that plaintiff did steal, etc., a mower at etc., and that Crandall & Weed are the owners and its value was fifty-seven dollars. Defendant presented the complaint to the justice, filled up the warrant of arrest and gave it, signed by the justice, to a constable and ordered him to arrest the plaintiff at any cost. Plaintiff was arrested and, after some arrangement between him and defendant, was discharged.

In February, 1884, plaintiff made a contract with Crandall & Weed to furnish them with mowers, etc., to sell on commission. They were to pay plaintiff the proceeds of sales, and in the fall make a final settlement for the year's business and give their note at one year for goods unsold. In October, 1884, Crandall & Weed gave their note for goods sold, and also a note for goods unsold, but plaintiff claims the last note recognized the title of the property in him until paid for. In January, 1885, Crandall & Weed having

failed, plaintiff took one of the unsold mowers, and such taking constitutes the alleged larceny for which plaintiff was arrested. Before the failure and before such taking of the mowers by plaintiff, Crandall & Weed had given defendant a chattel mortgage on this mower among other property. Plaintiff had a verdict of $125 damages.

The court at General Term said : "The justice had no right to issue the warrant against plaintiff. No facts were proved to justify it. (Code of Crim. Pro., § 149.) The defendant would not have been liable if he had only presented the complaint to the justice and asked for a warrant, if he had done so in good faith and without malice. (*Von Latham* v. *Rowan*, 17 Abb., 237.) In this case the court disapproved of the broad doctrine laid down in *Comfort* v. *Fulton* (13 id., 276), that the complainant would be liable for false imprisonment if the warrant was issued without competent evidence of guilt (p. 247) but adds, 'the action of false imprisonment could undoubtedly be sustained in that case (*Comfort* v. *Fulton*) upon the last ground intimated by Judge GOULD, that the defendants were conspicuous actors in the imprisonment of the plaintiff.' In this case the defendant drew up the complaint, filled up the warrant for the justice to sign, received it from the justice, gave it to the constable and ordered him to arrest the plaintiff at any cost. The defendant also had a chattel mortgage, under which he claimed to hold the property, and it is open to inference, that the proceedings were had for his own benefit, Crandall & Weed, the alleged owners in the criminal complaint, having before that time made an assignment. Besides the defendant, after the warrant was issued, settled the matter with plaintiff and made him pay defendant two dollars costs, which he announced to the justice in language indicating malice and anger against the plaintiff. So that it became a fair question for submission to the jury, and was fairly submitted, whether the defendant was acting in good faith and as agent of Crandall & Weed in this prosecution, or whether, on the contrary, he was, in bad faith and with improper motives, invoking the instruments of the law to compel plaintiff to recognize and pay his claims. The jury must have found that no crime was committed by the plaintiff and that the defendant, in procuring the warrant and ordering plaintiff's arrest, acted maliciously or at least in bad faith. Under

all the authorities such findings would sustain the verdict. The evidence justifies the jury in the verdict rendered."

*H. Cook,* for the appellant.

*H. J. Welch,* for the respondent.

Opinion by BOARDMAN, J.; HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order affirmed, with costs.